Sara E. **ACCARDI**

v.

**FULL CHANNEL TV, INC.**

No. 98–216–Appeal.

Supreme Court of Rhode Island.

April 23, 2001.

Bernard Patrick Healy, Providence.

William C. Maaia, David Edward Maglio, III, Providence.

## ORDER

This appeal came before the Court on April 10, 2001, pursuant to an order directing the parties to appear and to show cause why the issues raised in the appeal should not be summarily decided. The defendant, Full Channel TV, Inc. (Full Channel) appeals from a judgment entered against it following a superior court jury trial in which the jury found that Full Channel had unlawfully discharged Sara Accardi (plaintiff) from her employment because of her pregnancy. The trial jury awarded the plaintiff damages in the amount of $55,000 for her economic loss and $18,000 for emotional distress, plus interest. Full Channel also appeals from the trial justice's decision ordering Full Channel to pay the plaintiff's attorney fees and costs. After hearing counsels' arguments and considering the memoranda submitted by the parties, this Court is of the opinion that cause has not been shown. Therefore, this appeal will be decided summarily.

Full Channel first asserts that the trial justice should have granted its motion for judgment as a matter of law both at the close of the plaintiff's case-in-chief and later after it had completed the presentation of its case in defense of the plaintiff's claim, because the plaintiff failed to satisfy the requirements of a sex discrimination as defined in the State Fair Employment Practices Act and Title VII of the Federal Civil Rights Act of 1964. We disagree. In this case, the plaintiff produced sufficient evidence, including her own testimony, her mother's testimony, and the testimony of her immediate supervisor, Brian Frazier, to establish a *prima facie* case of sex discrimination and to rebut any "legitimate, nondiscriminatory reason" for her termination. *See Center for Behavioral Health, Rhode Island, Inc. v. Barros,* 710 A.2d 680, 685 (R.I.1998). More specifical-

ly, the evidence established that despite being pregnant at the time of her employment termination, she was amply qualified to continue to perform her work as a cable installer, and that in spite of her capabilities, she was terminated and replaced by someone from outside the protected class. We discern in the trial record, including that the plaintiff was fired approximately two weeks after first informing Full Channel of her pregnancy, more than sufficient evidence that supports the trial justice's denial of Full Channel's motion for judgment as a matter of law.

Full Channel next contends that the trial justice erred in denying its motions for a new trial and remittitur on the ground that "the jury's verdict was motivated by sympathy, passion, and prejudice." We disagree. This Court has consistently held that "a damage award may be disregarded by the trial justice and a new trial granted only if the award shocks the conscience or indicates that the jury was influenced by passion or prejudice or if the award demonstrates that the jury proceeded from a clearly erroneous basis in assessing the fair amount of compensation to which a party is entitled." *Shayer v. Bohan,* 708 A.2d 158, 165 (R.I.1998) (quoting *Hayhurst v. LaFlamme,* 441 A.2d 544, 547 (R.I. 1982)). In this case, the plaintiff presented more than sufficient evidence to support the trial jury's damage award. The fact that she might have been awarded more damages than she had initially anticipated is of no consequence, so long as the evidence adduced at trial supports the jury's verdict. Full Channel's contention of error is meritless.

Full Channel further asserts that a new trial should have been granted because the trial justice's jury instructions were inadequate, and that plaintiff's counsel made improper and prejudicial comments during his closing argument. We are not

persuaded by either assertion. Full Channel's contentions that the trial justice committed reversible error by providing a "fetal protection" instruction and by failing to give a "duty to accommodate" instruction are both meritless. As to the "personal opinions" expressed by plaintiff's counsel during his closing argument, the trial justice in his charge to the jury correctly informed the jury that statements of counsel were not evidence upon which the verdict could be based, and the jury is presumed to have followed that instruction. Accordingly, counsel's opinions as to the plaintiff's case during closing argument were not evidence, and were not considered as such by the trial jury and were harmless.

Lastly, Full Channel contends that the plaintiff's request for attorney fees should have been denied because the plaintiff's counsel failed to submit an affidavit or "actual contemporaneous records" in support of his fee request. The record before us discloses that the plaintiff's attorney did file an affidavit and provide sufficient records for the trial justice to consider and to determine an appropriate award of attorney fees and costs. Accordingly, we discern no error.

For the foregoing reasons, the judgment of the Superior Court is affirmed, including the award made for attorney fees and costs, and we remand the papers in this case to the Superior Court.

Chief Justice Williams did not participate.